OPINION OF THE COURT
William C. Brennan, J.
Defendant, herein, is seeking an order to quash detainers on warrants that have been filed against him by Middlesex, Monmouth and Ocean Counties, State of New Jersey.
The matter before this court comes within the purview of the “Text of the Agreement on Detainers” (CPL 580.20) the purpose of which is “to encourage the expeditious and orderly disposition of such charges and determination of the proper status of any and all detainers based on untried indictments, informations or complaints.” (Art I.)
New York and New Jersey are “party states” to this agreement.
As set forth in article 9:
“1. This agreement shall be liberally construed so as to effectuate its purposes * * *
“3. All courts * * * of this state and its political subdivisions are hereby directed to enforce the agreement on detainers and to cooperate with one another and with other party states in enforcing the agreement and effectuating its purposes.”
*329 The sole issue to be decided here is whether said detainers should be quashed and the requests for temporary custody be denied.
The defendant is presently serving a sentence given on April 7, 1981 by the Richmond County Supreme Court, New York, following a plea of guilty to criminal possession of a weapon in the third degree.
On August 4,1981, Middlesex County, New Jersey, filed a request for temporary custody of the defendant under article 4 of the interstate Agreement on Detainers. The defendant is wanted in New Jersey for the offenses of uttering forged instruments and obtaining money by false pretenses. (A subsequent request for temporary custody was issued on Feb. 3, 1982.)
Following New Jersey’s request for temporary custody, defendant moved to quash the detainers.
On September 15, 1981, the motion was granted by this court since the District Attorney did not oppose the request. The court’s order was subsequently vacated on October 21,1981 when the defendant was transferred to Ossining and the New Jersey warrants were not removed.
Thereafter, defendant was transferred to the Queens House of Detention and began seeking a reinstatement of this court’s order of September 15, 1981.
New Jersey has advised this court that they first received notice of defendant’s whereabouts in January, 1982, and, therefore, could not have participated in any prior actions before this court.
The court file is replete with motions and writs of habeas corpus as well as letters written to the court by the defendant regarding this matter.
The court has reviewed the extensive amount of papers filed herewith, as well as having heard the oral arguments given on October 4,1982, by defense counsel, the Assistant District Attorney, Queens County, and the Assistant Prosecutor from New Jersey, representing the three counties noted above.
The basic argument espoused by the defendant is that his constitutional rights to a speedy trial have been denied and that New Jersey did not act in a timely fashion in their *330 efforts to secure his person and, therefore, the detainers must be quashed.
Defendant relies on article III of the Agreement on Detainers which provides that “he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer’s jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint” (CPL 580.20, art III, subd [a]).
Defendant alleges that on or about April 10, 1981, he notified New Jersey that he wished to be transferred from New York pursuant to article III to dispose of his outstanding indictments.
New Jersey officials claim they have never received any notification pursuant to the guidelines set forth in article III of the Agreement on Detainers and, therefore, are not barred from pursuing their prosecution.
In fact, New Jersey asserts that they acted in an independent manner pursuant to article IV of said agreement which provides in part:
“(a) The appropriate officer of the jurisdiction in which an untried indictment, information or complaint is pending shall be entitled to have a prisoner against whom he has lodged a detainer and who is serving a term of imprisonment in any party state made available in accordance with Article (V) (a) hereof upon presentation of a written request for temporary custody or availability to the appropriate authorities of the state in which the prisoner is incarcerated; provided that the court having jurisdiction of such indictment, information or complaint shall have duly approved, recorded and transmitted the request * * *
“(c) In respect of any proceeding made possible by this Article, trial shall be commenced within one hundred twenty days of the arrival of the prisoner in the receiving state, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.”
*331 Accordingly, under article IV the time period within which New Jersey must proceed to trial does not commence until the defendant is, in fact, in their custody.
If anyone is to be blamed for the unnecessary delay in resolving the defendant’s conflicts with the law, it is the defendant himself.
Not only has he inundated this court with letters, telephone calls and motions, but simultaneously commenced several actions in the Federal courts (81 Civ 7055 [VLB]).
Moreover, any motions and/or hearings with respect to due process and speedy trial should be addressed to the New Jersey courts, which would assume subject matter jurisdiction of these issues following defendant’s transfer thereto.
In view of the above, it is the opinion of the court that (1) the defendant’s motion be denied, and (2) New Jersey’s request for temporary custody be properly executed pursuant to article V of the Agreement on Detainers. As to the latter, the defendant will be entitled to a pretransfer hearing pursuant to Cuyler v Adams (449 US 433).